**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zachary Buzianis, | No. 2:22-CV-02106-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

At issue is the denial of Zachary Buzianis' Application for disabled adult child's insurance benefits benefits by the Social Security Administration ("SSA") under the Social Security Act (the "Act"). Plaintiff filed a Complaint (Doc. 1) and an Opening Brief (Doc. 14) seeking judicial review of that denial. Defendant SSA filed an Answering Brief (Doc. 17), to which Plaintiff replied (Doc. 18). After reviewing the parties' briefs, the Administrative Record (Doc. 12), and the Administrative Law Judge's ("ALJ's") decision, (Doc. 12-3 at 15–24), the Court will affirm the ALJ's decision for the reasons addressed herein.

## I. BACKGROUND

On November 5, 2018, Plaintiff protectively filed an application for disabled adult child's insurance benefits, alleging a disability beginning on January 1, 2007. (Doc. 12-3 at 18.) Plaintiff's claim was initially denied, and he filed a request for reconsideration in

1    February 2019.  (*See* Doc. 12-7.)  Upon reconsideration, Plaintiff's claim was again denied

2    in March 2019.  (Doc. 12-3 at 18.)  Plaintiff then requested a hearing before an ALJ.  (*Id.*)

3        On July 29, 2021, ALJ Tom Duann conducted an online video hearing.  (*Id.*)  After

4    the hearing and consideration of the medical evidence and opinions, the ALJ issued a

5    written decision in which he denied Plaintiff's application for child insurance benefits and

6    concluded that Plaintiff was not disabled prior to February 2008.  (Doc. 12-3 at 18–24.)

7    Thereafter, the Appeals Council denied Plaintiff's Request for Review of the ALJ's

8    decision—making it the SSA Commissioner's (the "Commissioner") final decision—and

9    this appeal followed.  (*Id.* at 2–5.)

10   **II.     LEGAL STANDARDS**

11       An ALJ's factual findings "shall be conclusive if supported by substantial

12   evidence."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019).  The Court may set aside

13   the Commissioner's disability determination only if it is not supported by substantial

14   evidence or based on legal error.  *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

15   Substantial evidence is relevant evidence that a reasonable person might accept as adequate

16   to support a conclusion considering the record as a whole.  *Id.*  Generally, "[w]here the

17   evidence is susceptible to more than one rational interpretation, one of which supports the

18   ALJ's decision, the ALJ's conclusion must be upheld."  *Thomas v. Barnhart*, 278 F.3d 47,

19   954 (9th Cir. 2002).  In determining whether to reverse an ALJ's decision, the district court

20   reviews only those issues raised by the party challenging the decision.  *See Lewis v. Apfel*,

21   236 F.3d 503, 517 n.13 (9th Cir. 2001).

22   **III.    DISCUSSION**

23       The issue here is whether Plaintiff was disabled under Section 223(d) of the Act

24   prior to reaching the age of twenty-two.  (Doc. 12-3 at 18.)  Under Section 202(d) of the

25   Act, for Plaintiff to be entitled to disabled adult child's insurance benefits, he must have a

26   disability that began before he reached the age of twenty-two.  20 C.F.R. § 404.350(a).

27   The ALJ determined that Plaintiff turned twenty-two in February 2008 and therefore had

28   to prove that he was disabled by that time.  (Doc. 12-3 at 22–23.)  After reviewing the

medical evidence, the ALJ concluded that the earliest records indicating Plaintiff's mental impairments were from September 2008, and therefore found that Plaintiff was not disabled for disabled adult child's insurance benefits purposes.  (*Id.*)

Plaintiff argues that by requiring medical treatments to establish an onset date, the ALJ committed harmful error in evaluating Plaintiff's case.  (Doc. 14 at 3.)   The Commissioner argues that the ALJ's finding that Plaintiff was not disabled by age twenty-two is supported by substantial evidence.  (Doc. 17 at 4.)   The Court has reviewed the medical and administrative records and agrees with the Commissioner.

**A.  ALJ's Interpretation of Medical Evidence**

Under the Act, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"  42 U.S.C. § 405(g).  In the context of evidentiary sufficiency, this threshold is not high.  *Biestek*, 139 S. Ct. at 1154.  Substantial evidence "means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Id.* (quoting *Consol. Edison Co. of New York v. NLRB*, 305 U.S. 197, 229 (1938)).

Here, Plaintiff argues that the ALJ improperly believed that Plaintiff was required to have medical records to document the existence of his mental impairments at the time that the disability began.  (Doc. 14 at 3–4.)  The Commissioner argues that substantial evidence supports the ALJ's conclusion that Plaintiff was not disabled within the meaning of the Act.  (Doc. 17 at 4.)  The earliest medical record indicating Plaintiff's mental impairments are from September 2008.  (Doc. 12-3 at 22.)  Dr. Jorge Salas, who treated Plaintiff at that time, indicated that "the symptoms began approximately three months ago[.]"  (Doc. 12-8 at 3.) After being under the care of Dr. Salas, Plaintiff went on to be under the care of Dr. Wendy Wells in November 2008.  (*Id.* at 299.)  Dr. Wells asserted that Plaintiff's symptoms "began in January 2007 and possibly earlier."  (*Id.*)

In finding Dr. Well's opinion unpersuasive, the ALJ pointed out that Dr. Wells' assessment was based on reports by Plaintiff's mother about his symptoms, and that those reports were not corroborated by any other medical records.  (Doc. 12-3 at 22.)  The ALJ

concluded that Dr. Wells opinion is "without a valid basis and these notes from Dr. Wells are unpersuasive regarding the onset date of [Plaintiff's] mental impairments." (*Id.*) Furthermore, the ALJ considered the reports provided by psychological consultants U. Jacobs, Ph.D. and H. Patterson, Ph.D. which both noted insufficient evidence of mental impairments in the relevant time frame prior to the Plaintiff reaching the age of twenty-two. (*Id.*)

In summary, the ALJ's analysis considered Dr. Wells' conclusion that Plaintiff's symptoms existed prior to his attainment of age twenty-two but found it unpersuasive in light of the lack of medical records to support such a conclusion. (*Id.*) Instead, the ALJ examined other medical opinions that indicated Plaintiff began suffering symptoms after age twenty-two. (*Id.* at 22–23.) Accordingly, the ALJ's determination that Plaintiff was not disabled within the meaning of the Act was supported by substantial evidence. Therefore, the ALJ did not commit error.

## III.   CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** affirming the August 30, 2021 decision of the ALJ, as upheld by the Appeals Council.

**IT IS FURTHER ORDERED** directing the Clerk to enter final judgement consistent with this Order and close this case.

Dated this 11th day of March, 2024.

Honorable Susan M. Brnovich
United States District Judge

- 4 -